F I L E D
Clerk
District Court

MAY 31 2024

for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS
# BANKRUPTCY DIVISION

In re

IMPERIAL PACIFIC
INTERNATIONAL (CNMI), LLC,

    Debtor and
    Debtor-in-Possession.

CASE NO. 1:24-bk-00002

**ORDER**

    Clear Management Ltd. ("Clear") was previously appointed as the limited receiver in two civil actions against the Debtor and Debtor-in-Possession. *Gray v. Imperial Pacific International (CNMI), LLC* ("*Gray*," 1:19-cv-00008) and *U.S.A. Fanter Corp., Ltd. v. Imperial Pacific International (CNMI), LLC* ("*Fanter*," 1:21-cv-00035). The Bankruptcy Code defines custodian as a "receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title[.]" 11 U.S.C. § 101(11)(A). Therefore, Clear is also a custodian in this bankruptcy proceeding.

    Judgment creditors Gray and Fanter filed a motion for relief from stay (Motion, ECF No. 48). In their motion, they recognized Clear's need to determine the applicability of 11 U.S.C. § 543(d). (Mot. 3 n.1.) In denying the Motion, the Court ruled that the Personal Property subject to the *Gray* and *Fanter* limited receiverships are in fact property of the bankruptcy estate. Based on this legal ruling, and Clear's status as a custodian, Clear needs to comply with 11 U.S.C. § 543(b), which dictates the turnover of Debtor's property and the filing of an accounting of property by a custodian.

Shortly prior to the filing of the voluntary bankruptcy petition, Clear conducted an auction of Debtor's vehicles. At the hearing, Clear reported several successful bidders tendered payment for such vehicles, but have not received title or possession of the vehicles due to the Receivership Orders' requirement for court approval. Clear also sought excuse from compliance with § 543(b) due to its perceived ambiguity of the status of the Personal Property.

For cause shown, the Court temporarily excuses Clear for its non-compliance with § 543(b) from the period of the filing of the petition. However, the Court directs Clear to § 543(d), which requires notice and a hearing for the basis to excuse compliance. Clear's oral statements made at the hearing are inadequate; Clear is directed to file a written motion **by June 7, 2024**. Clear's temporary excuse will expire on June 8, 2024, if Clear fails to file a written motion. If Clear files a written motion, the temporary excuse will continue until the Court adjudicates Clear's motion.

Because the Court needs to determine Clear's duties and role as the custodian of Debtor's Personal Property, the Court will not address at this time the possible renewed motion by judgment creditors Gray and Fanter for relief from stay.

IT IS SO ORDERED this 31st day of May 2024.

_____
RAMONA V. MANGLONA
Chief Judge