IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS
BANKRUPTCY DIVISION

F I L E D
Clerk
District Court

JUN 11 2024

for the Northern Mariana Islands
By_____
(Deputy Clerk)

In re

IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,

    Debtor and
    Debtor-in-Possession.

Case No. 1:24-bk-00002

**INTERIM ORDER AUTHORIZING DEBTOR TO OBTAIN POSTPETITION INDEBTEDNESS**

[Continued] Interim Hearing:
DATE: May 30, 2024
TIME: 8:30 a.m. ChST

Final Hearing:
DATE: June 21, 2024
TIME: 8:30 a.m. ChST

[Related to Dkt. Nos. 12, 47, 53, 84, 86, 87]

    The *Motion for Authorizing Debtor to Obtain Postpetition Secured Indebtedness* (as modified, the "Motion," ECF No. 12),[1] filed by IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, debtor and debtor-in-possession (the "Debtor") on April 23, 2024, came on for a continued interim hearing before the Honorable Ramona V. Manglona, United States Bankruptcy Judge for the United States District Court for the Northern Mariana Islands (the "Court") on May 30, 2024.

---

[1] Capitalized terms not herein defined shall have the meaning set forth in the Motion.

1

Chuck C. Choi, Esq. (vtc),[2] Allison A. Ito, Esq. (vtc), Charles H. McDonald II, Esq., and Michael Chen, Esq. (vtc) appeared on behalf of the Debtor. (Mins., ECF No. 98.) Howyo Chi, the Debtor's representative, also appeared. (*Id.*) Assistant U.S. Trustee Curtis B. Ching (vtc) appeared for the Office of the United States Trustee ("UST"). (*Id.*) Aaron Halegua, Esq. (vtc) and Bruce Berline, Esq., appeared for Judgment Creditor Joshua Gray ("Gray"). (*Id.*) Michael White, Esq., appeared on behalf of Clear Management Ltd. ("Clear Management"). (*Id.*) Martin Wright (vtc), representative for Clear Management also appeared. (*Id.*) Robert Glass, Esq. appeared for the Commonwealth of the Northern Mariana Islands ("CNMI"). (*Id.*) Aram Ordubegian, Esq. (vtc), Christopher K. Wong, Esq. (vtc), and Keith Chambers, II, appeared (as proposed counsel) for the Official Committee of Unsecured Creditors (the "Committee"). (*Id.*) Colin Thompson, Esq. appeared for U.S.A. Fanter Corp., Ltd. and other creditors. (*Id.*) Richard Miller, Esq. appeared on behalf of Hughes Hubbard & Reed, and Genc Plaintiffs. (*Id.*) Michael Dotts, Esq. appeared for Dotts Law Office. (*Id.*)

Having reviewed the Motion (ECF No. 12) and all papers filed in support thereof, the Declaration of Howyo Chi in Support of "First Day" Motions (ECF No. 14), the Amended Loan Term Sheet (ECF No. 47-1), the Debtor in Possession ("DIP") Loan Agreement (ECF No. 47-2), the UST Statement Regarding Debtor's First Day Motions (ECF No. 19) and the UST Supplemental Statement Regarding [the Motion] (ECF No. 53), the oppositions filed by the CNMI (ECF No. 84), Gray (ECF Nos. 30, 86), and the Committee (ECF No. 87), and having heard the statements of counsel regarding the <u>interim</u> relief requested in the Motion at the hearing, the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the interim hearing on the Motion was sufficient under the

---

[2] "(vtc)" denotes that the appearance was made via video conference.

circumstances; (d) interim relief is necessary to avoid harm to the business pending a final hearing, and (e) the legal and factual bases set forth in the Motion and at the Hearing establish that sufficient legal and factual bases exist to grant the requested relief on an interim basis, and good cause therefore,

**IT IS HEREBY ORDERED** that:

1. The Motion is GRANTED only to the extent provided herein on an <u>interim</u> basis. To the extent the Amended Term Sheet or Loan Agreement is inconsistent with the terms of this Order, this Order shall govern.

    a. <u>Initial Advance</u>. Lender is immediately authorized to loan, on an interim basis, and subject to final approval, an amount not to exceed $400,000.00 (the "Initial Advance").

    b. <u>Use of Proceeds & Carve Out.</u> The debtor-in-possession credit facility not to exceed the Initial Advance (the "DIP Credit Facility") shall be used to pay post-petition administrative expenses of the Chapter 11 Case, subject to the Budget attached to the Motion as <u>Exhibit B (ECF No. 15),</u> including but not limited to, payment for maintenance and preservation of the property of the Debtor's estate, rent, insurance, utility services, operating expenses and court-approved professional fees and as such pre-petition expenses as may be approved by the Bankruptcy Court; provided, however, Lender's administrative expense claim shall be subject to the following "carve outs" ("Carve Out"): (1) U.S. Trustee quarterly fees; (2) in the event this case is converted to a proceeding under Chapter 7 of the Bankruptcy Code, any administrative expense claim created or recognized by this Order shall be subordinate to the chapter 7 trustee's fees and expenses, but not including the fees and expenses of the chapter 7 trustee's professionals; and (3) $100,000 shall be

"carved out" and set aside for fees and expenses of professionals employed at the expense of the estate (including attorneys, accountants and appraisers) as may be approved by the Bankruptcy Court, and as set forth in the budget approved by the Lender.

c. <u>No Cap on Carve Out for Committee Professionals</u>. Notwithstanding anything contained in this Order, the Amended Term Sheet or Loan Agreement, there shall be no limit on the Carve Out for any Committee professionals.

d. <u>Priority</u>: The Initial Advance shall be afforded administrative priority status pursuant to 11 U.S.C. § 364(b) as an administrative expense only for funds actually advanced by Lender to benefit the estate pursuant to the Budget; provided, however, that Lender's priority shall be subject to the Carve Out.

e. <u>Interest Rate</u>. Simple interest at the rate of 10% per annum shall accrue. Default interest shall accrue at an additional 2% per annum.

f. <u>Maturity</u>. The DIP Credit Facility shall be due on or before the earlier of: (a) the occurrence of an Event of Default, (b) entry of an order converting the chapter 11 case to a case under chapter 7 of the Bankruptcy Code or dismissing the chapter 11 case, (c) the entry of an order appointing a chapter 11 trustee or examiner, (d) the effective date of a chapter 11 plan; or (e) December 31, 2024.

g. <u>Loan Documents.</u> Borrower shall execute and deliver, and cause to be executed and delivered to Lender a Promissory Note, and such other documents as are reasonable and customary for similar loans.

h. <u>Fees and Expenses</u>. Upon closing of the DIP Credit Facility, Borrower will pay Lender's reasonable attorneys' fees and expenses incurred in connection with

documenting and obtaining approval of the DIP Credit Facility; provided, however, prior to Debtor paying any of Lender attorneys' fees and expenses, Lender shall first provide a copy of any invoices to the Unsecured Creditors' Committee ("Committee") and United States Trustee ("UST") and provide at least 14 days for the Committee and UST to review and object to the payment of any attorneys' fees or expenses. In the event of an unresolved objection the Lender may file a motion to seek Court approval of its reasonable attorneys' fees and expenses.

i. <u>Governing Law.</u>   The Amended Term Sheet, Loan Agreement, and any related loan documents shall be governed by and interpreted under the Bankruptcy Code (as codified in Title 11 of the United States Code), the Federal Rules of Bankruptcy Procedure and the laws of the Commonwealth, where applicable.

j. <u>Events of Default.</u> Customary defaults including, (a) failure to pay principal, interest, fees and expenses when due; (b) violation of covenants; (c) change of control; (d) granting of relief from automatic stay to any creditor with a claim in excess of $250,000 relief; (e) or a plan of reorganization in a form reasonably acceptable to Lender regarding the treatment of its DIP loan is not filed by Debtor by July 1, 2024; and (f) such plan is not approved by the Court by February 28, 2025.

2. Lender shall be deemed a good faith lender pursuant to 11 U.S.C. § 364(e).

3. Lender shall transfer the Carve Out amount of $100,000.00 of the Initial Advance to the Client Trust Account of Choi & Ito, Debtor's general bankruptcy counsel.

4. This Order shall be binding on the Debtor, its estate, creditors, and any subsequently appointed Chapter 7 Trustee, provided however, that the priorities granted to the Lender shall be

subordinate to the fees and costs of any Chapter 7 Trustee, but not the fees and costs of the Chapter 7 Trustee's professionals.

    5.    This Order shall inure to the benefit of the Lender and the Debtor and their respective successors and assigns.

    6.    Any supplemental pleadings in support of the Motion shall be filed on or before **June 11, 2024**, and any replies thereto shall be filed on or before **June 17, 2024**.

    7.    A final hearing on the Motion shall be held on **June 21, 2024** at **8:30 a.m.**

It is SO ORDERED this 11th day of June 2024.

_____
RAMONA V. MANGLONA
Chief Judge

Approved as to form:

/s/ Neil J. Verbrugge
Curtis B. Ching, Esq.
Neil J. Verbrugge, Esq.
Counsel for Office of the U.S. Trustee

Approved as to form:

/s/ Aram Ordubegian
Aram Ordubegian, Esq.
Christopher Wong, Esq.
Keith Chambers, II, Esq.
Proposed Counsel for the Official Committee of Unsecured Creditors