OFFICE OF THE UNITED STATES TRUSTEE

TIFFANY L. CARROLL
Acting United States Trustee
CURTIS CHING                3931
Assistant United States Trustee
NEIL VERBRUGGE  7478
Trial Attorney
300 Ala Moana Boulevard, Room 4108
Honolulu, Hawaii   96850
Telephone:   (808) 522-8155
Email:   ustpregion15.hi.ecf@usdoj.gov
Email:   Neil.Verbrugge@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS
BANKRUPTCY DIVISION**

| | |
|---|---|
| In re<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>    Debtor and<br>    Debtor-in-Possession. | Case No. 1:24-bk-00002<br>(Chapter 11)<br><br><br><br>Hearing:<br>Date:   August 14, 2024<br>Time:   8:30 a.m. (ChST)<br>Chief Judge:   Hon. Ramona V. Manglona<br><br>[Related Docket Entries: #129] |

**UNITED STATES TRUSTEE'S STATEMENT REGARDING COMMONWEALTH NORTHERN MARIANAS ISLANDS' MOTION TO CONVERT CASE TO CHAPTER 7**

The United States Trustee, by and through her attorney, hereby submits this Statement regarding Commonwealth Northern Marianas Islands' Motion to Convert Case to Chapter 7 ("Motion to Convert"). The United States Trustee has authority and standing to make this statement since its responsibilities include, among other things, supervising "the administration of cases … under Chapter 11" of the Bankruptcy Code.   28 U.S.C. § 586(a)(3).

1

I.   **BACKGROUND**

1.    On April 19, 2024, Imperial Pacific International (CNMI), LLC ("Debtor") commenced this bankruptcy case by filing, pro se, a voluntary petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States District Court for the Northern Marianas Islands, Bankruptcy Division (the "Court") initiating bankruptcy case no. 24-00002.[1]

2.    On April 22, 2024, the United States Trustee sent an initial debtor interview letter to Debtor and attached a copy of the United States Trustee's Operating and Reporting Requirements for Chapter 11 Cases for Region 15 ("Region 15 ORR").   Among other things, the Region 15 ORR requires:

C.    **REPORTS AND REQUIRED DOCUMENTS**

1.    EVIDENCE OF INSURANCE COVERAGE

The debtor-in-possession, within seven calendar days after the date of the filing of the petition, must provide the United States Trustee with certificates of insurance or other verified documents showing that each policy of insurance required for the estate is in full force and effect.   Each policy must disclose the type and extent of coverage, effective dates, names of the insurance carrier and broker, and the agent's name, address and telephone number.   The debtor-in-possession is responsible for including the address of the United States Trustee and the Bankruptcy case number as an additional interest holder, and on the cancellation notice.   Additionally, the debtor-in-possession is required to provide a copy of the either a renewal or new policy of insurance prior to the time that any existing policy or coverage is to expire.

Generally, the following types of insurance are required:
   a.    General Comprehensive/Public Liability;

---

[1] The U.S. Trustee respectfully requests, pursuant to Rule 201 of the Federal Rules of Evidence as made applicable by Rule 9017 of the Federal Rules of Bankruptcy Procedure, that the Court take judicial notice of the Debtor's filings, and other documents filed, which are in the Court's files in this case.   Information contained in these documents signed under penalty of perjury by the Debtor is an admission of the Debtor pursuant to Rule 801(d) of the Federal Rules of Evidence.

2

        b.      Casualty coverage (tangible assets capable of loss by fire, weather, theft, vandalism, etc.);
        c.      Workers' Compensation;
        d.      Vehicle; and
        e.      Product liability.

3. On June 11, 2024, the Court entered an Interim Order Authorizing Debtor to Obtain Postpetition Indebtedness.

4. On June 20, 2024, Debtor provided the United States Trustee with a certificate of insurance for commercial general liability insurance.

5. To date, Debtor has not produced any certificate of insurance for fire/casualty insurance.

II. **APPLICABLE LAW**

Section 1112(b)(1) provides:

> …on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

As set forth in Section 1112(b)(4), for purposes of this subsection, the term "cause" includes --

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
> (B) gross mismanagement of the estate;
> **(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;**
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
> (E) failure to comply with an order of the court;
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
> (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

3

      (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
      (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
      (K) failure to pay any fees or charges required under chapter 123 of title 28;
      (L) revocation of an order of confirmation under section 1144;
      (M) inability to effectuate substantial consummation of a confirmed plan;
      (N) material default by the debtor with respect to a confirmed plan;
      (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
      (P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

(Emphasis added). The list of items that constitute "cause" in §1112(b)(4) is not exclusive. "A non-exclusive list of what constitutes 'cause' is found in § 1112(b)(4), but the court should 'consider other factors as they arise, and use its equitable powers to reach the appropriate result in individual cases.'" *See In re Rand*, 2010 WL 6259960 at *3 (B.A.P. 9th Cir. 2010); *In re Consol. Pioneer Mortg. Entities*, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) (same), *aff'd*, 264 F.3d 803 (9th Cir. 2001). "The bankruptcy court has broad discretion in determining what constitutes 'cause' under section 1112(b)." *In re Sullivan*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014). The movant bears the burden of establishing by a preponderance of the evidence that cause exists. *Id.* "Once the movant establishes cause to convert or dismiss the case, the burden shifts to the party opposing the motion, usually the debtor, to establish grounds for applying the exception under § 1112(b)(2) and avoid conversion or dismissal." *In re Hoyle*, 2013 WL 210254, at *13 (Bankr. D. Idaho 2013).

**III.**     **<u>LEGAL ANALYSIS</u>**

    A.     <u>"CAUSE" EXISTS TO DISMISS OR CONVERT CASE: DEBTOR HAS FAILED TO PROVIDE PROOF OF FIRE/CASUALTY INSURANCE TO THE UNITED STATES TRUSTEE</u>

Section 1112(b)(4)(C) provides that cause to dismiss includes circumstances where a debtor fails to maintain appropriate insurance that poses a risk to the estate or to the public.

4

Insurance is important because it protects the equity of the estate and provides liability protection against risk of personal injury claims and damage to property. *Cf. Reading v. Brown*, 391 U.S. 471, 485 (1968) (holding that a negligence claim for tort damages arising from a fire at a bankrupt's property was allowable as an actual and necessary expense of the bankruptcy estate and entitled to administrative priority). Debtor's failure to maintain appropriate insurance poses an unacceptable risk to the estate and to the public in breach of its fiduciary duties as a chapter 11 debtor in possession. If uninsured property suffers damage from fire, flood, vandalism or any other form of insurable loss, such loss could effectively diminish or obliterate any dividend to the creditors of the estate. *Cf. Reading*, 391 U.S. at 485.

Debtor's Schedules disclosed real property located at CPL Derence Jack Road, Orchid Street, Garapan, Saipan, MP 96950 (which is the location of Debtor's casino):

| Part 9: Real property |||||
|---|---|---|---|---|
| 54. Does the debtor own or lease any real property? <br> ☐ No. Go to Part 10. <br> ■ Yes Fill in the information below. |||||
| 55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest |||||
| Description and location of property <br> Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| 55.1. Leasehold improvements located at (CPL Derence Jack Road, Orchid Street, Garapan, Saipan, MP 96950) | Leasehold | $8,333,984.15 | Liquidation | Unknown |

This real property is approximately 19,204 square meters of land leased from the Department of Public Lands:

5

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | Lease Agreement (LA 15-002S) by and between the Department of Public Lands, as lessor, and [the Debtor] as lessee, dated April 29, 2015 [for Tract No. 21049-R2, Lot Numbers 104 D 08, 104 D 11R/W, 104 D 12, and 104 D 04. | |
| | State the term remaining | April 2040 | CNMI Department of Public Lands P.O. Box 500380 Saipan, MP 96950 |
| | List the contract number of any government contract | | |

Debtor is the sole owner of Imperial Pacific Properties, LLC which, in turn, is the lessee (prepaid) to a number of leases with private landowners:

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

| Name of entity: | | % of ownership | | |
|---|---|---|---|---|
| 15.1. | Imperial Pacific Properties, LLC | 100 % | | Unknown |

Debtor's Schedule also disclosed machinery, equipment, and vehicles.

**Part 8: Machinery, equipment, and vehicles**

46. Does the debtor own or lease any machinery, equipment, or vehicles?

☐ No. Go to Part 9.
☒ Yes Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles | | | |
| 47.1. 99 Vehicles (42 operational vehicles, 1 stolen, 43 inoperable, 13 condition unknown) | Unknown | Liquidation | $900,000.00 |

Debtor also has 90 containers of construction materials/supplies:

6

**Part 5: Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.
■ Yes Fill in the information below.

| | General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 19. | Raw materials Construction materials (metal and other raw materials) | | $0.00 | | Unknown |
| | 90 containers of construction materials / supplies [located at Port of Saipan] | | $0.00 | | Unknown |

Debtor also has red wine and tobacco:

| | | | | | |
|---|---|---|---|---|---|
| 21. | Finished goods, including goods held for resale Liquor Inventory [1,276 bottles of red wine] | 0 | Unknown | Liquidation | $100,000.00 |

Official Form 206A/B     Schedule A/B Assets - Real and Personal Property     page 2

Debtor: Imperial Pacific International (CNMI), LLC     Case number (If known) 24-00002

| | Tobacco (cigar) Inventory [712 Boxes] | 0 | Unknown | Liquidation | $100,000.00 |

While the Debtor has obtained a certificate of insurance for commercial general liability (liability arising from the business operations of the insured), unless the Debtor also obtains fire/casualty insurance covering its property, "cause" under Section 1112(b)(4)(C) exists to convert or dismiss this case. By failing to maintain appropriate insurance, Debtor exposes the estate to the risk of loss. Also, the lack of insurance jeopardizes the estate by exposing it to the risk of third-party claims should a fire, flood, or similar event on the Debtor's property damage adjacent structures. Under the *Reading* doctrine, such third-party claims would be considered administrative expenses and given administrative priority which would effectively diminish or obliterate any dividend to the general unsecured creditors of the estate. *Cf. Reading*, 391

U.S. at 485.  Because the apparent lack of insurance may place the estate and the public at unacceptable risk for uncompensated injury while the Debtor claims the protection of federal bankruptcy laws, dismissal of the Debtor's case is warranted.  *See In re Johnston*, 149 B.R. 158, 162 (9th Cir. BAP 1992) (citing lack of adequate insurance coverage in granting motion to dismiss chapter 11 case).

B.  UNDER THE CIRCUMSTANCES, DISMISSAL OF THIS CASE IN THE BEST INTEREST OF CREDITORS.

In the event the Court determines "cause" exists to dismiss or convert this case, the United States Trustee requests this case be dismissed.  Section 1112(b)(1) provides that once cause is established, the court shall dismiss or convert a case to chapter 7, whichever is in the best interests of creditors and the estate.  The determination requires the court to conduct a balancing test and consider the interests of all creditors and the estate.  *See In re Owens*, 552 F.3d 958, 961 (9th Cir. 2009) (affirming bankruptcy court's dismissal of chapter 11 case as being in the best interest of all creditors).  Among other factors, the Court will look to whether a chapter 7 trustee is able "to reach assets for the benefit of creditors".  *See In re Rand*, 2010 WL 6259960, *10 n.14 (B.A.P. 9th Cir. 2010).  It is universally recognized that a chapter 7 trustee's sale of a fully encumbered asset is generally prohibited. *In re KVN Corp., Inc.*, 514 B.R. 1, 5 (9th Cir. BAP 2014) citing *Carey v. Pauline (In re Pauline),* 119 B.R. 727, 728 (9th Cir. BAP 1990).  This is because the sale would yield no benefit to unsecured creditors.  *In re KVN Corp., Inc.*, 514 B.R. at 6. "[W]here there are few if any assets to administer, and the estate appears to be administratively insolvent, dismissal would often be the better course." *In re Rand*, 2010 WL 6259960, at *10 (B.A.P. 9th Cir. 2010).

Here, on the one hand, Debtor's schedules estimate its assets to be worth $6,474,768.71. On the other hand, Debtor schedules $284,353,211.11 in liabilities. Significantly, Debtor schedules CNMI as having a secured tax lien of $7,487,368.81:

| 2.2 | CNMI Department of Revenue and Taxation | Describe debtor's property that is subject to a lien | $7,487,368.81 | Unknown |
|---|---|---|---|---|
| | Creditor's Name | Tax Lien [Business Gross Revunue Tax] | | |
| | P.O. Box 5234 CHRB Saipan, MP 96950 | | | |
| | Creditor's mailing address | Describe the lien | | |
| | | Is the creditor an insider or related party? | | |
| | revtaxinfo@dof.gov.mp | ■ No | | |
| | Creditor's email address, if known | ☐ Yes | | |
| | | Is anyone else liable on this claim? | | |
| | Date debt was incurred | ■ No | | |
| | | ☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H) | | |
| | Last 4 digits of account number | | | |

Because of the apparent lack of equity in the Debtor's estate, the lack of assets a chapter 7 trustee could reach or administer, and the apparent administrative insolvency of the estate, it would be appropriate to dismiss this case. Under the circumstances, it appears unrealistic to conclude that conversion of this case would result in a benefit to general unsecured creditors. Moreover, because of the apparent administrative insolvency of the estate, converting this case would impose on a chapter 7 trustee an unfair risk of uncompensated effort and burden with no realistic benefit to general unsecured creditors. Therefore, dismissal is warranted which would leave secured creditors and unsecured creditors to their state law remedies.

## IV.   CONCLUSION

For the foregoing reasons, the United States Trustee requests that this Court enter an order dismissing this case and providing such other and further relief as is proper.

DATE: Honolulu, Hawaii, June 24, 2024.

          Tiffany L. Carroll
          Acting United States Trustee

          By /s/ Neil Verbrugge