F I L E D
 Clerk
District Court

JUN 28 2024

for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS
BANKRUPTCY DIVISION

| | |
|---|---|
| In re<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>    Debtor and<br>    Debtor-in-Possession. | Case 1:24-bk-00002<br><br>**ORDER ESTABLISHING INTERIM FEE APPLICATION AND EXPENSE REIMBURSEMENT PROCEDURES ON A FINAL BASIS** |

The *Motion for Order Establishing Interim Fee Application and Expense Reimbursement Procedures* (the "Motion," ECF No. 9),[1] filed by IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, debtor and debtor-in-possession (the "Debtor") on April 23, 2024, came on for a Final hearing before the Honorable Ramona V. Manglona, United States Bankruptcy Judge for the United States District Court for the Northern Mariana Islands (the "Court") on June 21, 2024.

Appearances are as noted on the record.

Having reviewed the Motion and all papers filed in support thereof, the Declaration of Howyo Chi in Support of "First Day" Motions (ECF No. 14), the position statement filed by the Office of the

---

[1] Capitalized terms not herein defined shall have the meaning set forth in the Motion.

1

United States Trustee ("UST") (ECF No. 19), the objection filed by Joshua Gray and the joinders thereto filed by U.S.A. Fanter Corporation, Ltd, James Whang dba South Pacific Lumber Company, Artman Corporation, Fujitec Pacific, Inc., GT Building Systems International PTD, Ltd., and Hemine Ipwan Islam dba Ipwan Security Services and Dotts Law Office (ECF Nos. 30, 41 and 97) and having heard the statements of counsel regarding the relief requested in the Motion at the hearing, the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the hearing on the Motion was sufficient, and (d) the legal and factual bases set forth in the Motion justify granting the requested relief on a final basis, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that:

1. The Motion is granted on a <u>final</u> basis.

2. All professionals employed at the expense of the estate in this case (the "Professionals"), may participate in the interim compensation procedure set forth herein as follows:

   a. Professionals shall be authorized to serve upon the Debtor, Office of the United States Trustee, and the Committee (collectively, the "Notice Parties"), on a monthly basis, an itemized monthly statement ("Interim Fee Statement") in the form and with the content that satisfies the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and LBR 2016-1, setting forth the date, the nature of the services rendered, and the time expended by each professional for which fees are requested. The Interim Fee Statement need not be filed with the Court.

   b. If no written objection ("Objection") is served within 14 days of service of the Interim Fee Statement by any of the Notice Parties, the Debtor shall be authorized to pay 100% of the costs and 80% of the fees requested to the Professionals. Any

      Objection must be served on the professional who submitted the interim fee statement, and all of the Notice Parties, but need not be filed with the Court.

  c. If a timely Objection to an Interim Fee Statement is made, the affected professional and the objecting party shall attempt to resolve the Objection.  The Debtor shall pay that portion of the Interim Fee Statement of the affected professional which is undisputed pending resolution of the Objection.  If the parties cannot resolve the Objection, the matter will be resolved by the Court.

  d. To be eligible to receive payments under this interim compensation procedure, Professionals must file interim fee applications with the Court, and serve on the Notice Parties, as follows: (i) not more than once in the initial 120 days after entry of the order for relief, and (ii) thereafter, in four to six month intervals, or at such other intervals convenient to the Court.  Any interim application shall set forth the full amount of compensation and reimbursement of costs and expenses requested, including that previously paid.  Failure to file interim fee applications in accordance with this procedure will disqualify the professional from seeking compensation on a monthly basis until the professional complies with this procedure.

  e. The failure of any Notice Party to object to an Interim Fee Statement does not, and shall not, waive the right of such Notice Party to file and serve an objection to an Interim Fee Application. Nor shall the failure of any Notice Party to object to an Interim Fee Statement bind any Notice Party for purposes of such Notice Party's objection, if any, to an Interim Fee Application. All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.

3. Members of the Committee may seek reimbursement from the Debtor for reasonable expenses incurred in discharging their duties by serving upon the Notice Parties, an itemized statement setting forth the expenses for which reimbursement is requested. The Debtor shall be authorized to reimburse 100% of such expenses if they find the statement is in order. Upon request of the Debtor, the person requesting reimbursement shall be required to provide copies of the invoices or receipts for such expenses in excess of $100.00. Unless authorized in advance by the Debtor, only one representative per Committee member is authorized to seek reimbursement of expenses for any particular meeting. Committee member expenses need not be approved pursuant to any interim or final fee application process, unless necessary to resolve any pending objection to a reimbursement request.

4. For any fees sought in an Interim Fee Statement or Interim Fee Application, compensation for travel time shall be limited as follows: (i) *non-working travel time* shall be billed at 50% of the Professionals' hourly rate, with a cap of 6 hours for any one-way trip to or from Northern Marianas Islands (by way of example, 6 hours shall be 12 hours of travel time at 50% of the Professionals' hourly rate); and (ii) *working travel time* is billable at 100% of the Professionals' agreed upon hourly rate not to exceed 8 hours of working travel time per trip (by way of example, if a Professional took 16 hours to travel to Northern Marianas Islands and conducted 2 hours of work on the case during the trip, the Professional would be able to bill for the 2 hours of actual work, plus 6 more hours of non-working travel time (50% of 14 hours of non-working travel equals 7 hours, but capped to 6 hours) for a total of 8 hours billed during the trip).

IT IS SO ORDERED this 28th day of June 2024.

RAMONA V. MANGLONA
Chief Judge

4

Approved as to form:

/s/ Neil J. Vebrugge
Curtis B. Ching, Esq.
Neil J. Verbrugge, Esq.
Counsel for Office of the U.S. Trustee


/s/ Christopher K.S. Wong
Keith Chambers, II, Esq.
Aram Ordubegian, Esq.
Christopher K.S. Wong, Esq.
Proposed Counsel for the Official Committee of Unsecured Creditors