# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS
# BANKRUPTCY DIVISION

F I L E D
Clerk
District Court
JUN 28 2024
for the Northern Mariana Islands
By_____JP_____
(Deputy Clerk)

In re

IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,

    Debtor and
    Debtor-in-Possession.

Case 1:24-bk-00002

**SECOND INTERIM ORDER AUTHORIZING DEBTOR TO OBTAIN POSTPETITION INDEBTEDNESS**

    The *Motion for Authorizing Debtor to Obtain Postpetition Secured Indebtedness* (as modified, the "Motion," ECF No. 12),[1] filed by IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, debtor and debtor-in-possession (the "Debtor") on April 23, 2024, came on for a continued interim hearing before the Honorable Ramona V. Manglona, United States Bankruptcy Judge for the United States District Court for the Northern Mariana Islands (the "Court") on June 21, 2024.

    Chuck C. Choi, Esq. (vtc),[2] Allison A. Ito, Esq. (vtc), Charles H. McDonald II, Esq., and Michael Chen, Esq. (vtc) appeared on behalf of the Debtor. (Mins., ECF No. 134.) Howyo Chi, the Debtor's representative, also appeared. (*Id.*) Neil J. Verbrugge, Esq. (vtc) appeared for the Office of the United States Trustee ("UST"). (*Id.*) Aaron Halegua, Esq. (vtc) appeared for Joshua Gray ("Gray").

---

[1] Capitalized terms not herein defined shall have the meaning set forth in the Motion.

[2] "(vtc)" denotes that the appearance was made via video conference.

(*Id.*) Michael White, Esq., appeared on behalf of Clear Management. (*Id.*) Martin Wright (vtc) and Tim Shepherd (vtc), representatives for Clear Management also appeared. (*Id.*) Robert Glass, Esq. appeared for the Commonwealth of the Northern Mariana Islands ("CNMI"). (*Id.*) Christopher K. Wong, Esq. (vtc), and Keith Chambers, II, appeared (as proposed counsel) for the Official Committee of Unsecured Creditors (the "Committee"). (*Id.*) Colin Thompson, Esq. appeared for USA Fanter and other creditors. (*Id.*) Michael Dotts, Esq. appeared for Dotts Law Office. (*Id.*) Karla Malagon Castillo, Esq. (vtc) appeared for the U.S. Department Of Labor ("USDOL"). (*Id.*) Vincent Seman, Esq. appeared for Kan Pacific. (*Id.*) Steven Pixley, Esq. appeared for Take Care. (*Id.*) Joey San Nicolas, Esq. appeared for Loi Lam Sit. (*Id.*)

Having reviewed the Motion (ECF No. 12) and all papers filed in support thereof, the Declaration of Howyo Chi in Support of "First Day" Motions (ECF No. 14), the Amended Loan Term Sheet (ECF No. 47-1), the DIP Loan Agreement (ECF No. 47-2), the UST's Statement Regarding Debtor's First Day Motions (ECF No. 19), the Declaration of Loi Lam Sit (ECF No. 111), and the UST's Supplemental Statements Regarding [the Motion] (ECF Nos. 53, 114), the oppositions filed by CNMI (ECF Nos. 84, 119), Gray (ECF Nos. 30, 86, 117), the Committee (ECF Nos. 87, 116), and USDOL (ECF No. 118) and having heard the statements of counsel regarding the <u>interim</u> relief requested in the Motion at the hearing, the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the interim hearing on the Motion was sufficient under the circumstances; (d) interim relief is necessary to avoid harm to the business pending a final hearing, and (e) the legal and factual bases set forth in the Motion and at the Hearing establish that the legal and factual bases set forth in the Motion to grant the requested relief on an interim basis, and good cause therefore,

**IT IS HEREBY ORDERED** that:

2

1. The Motion is GRANTED only to the extent provided herein on a further <u>interim</u> basis. To the extent the Amended Term Sheet or Loan Agreement is inconsistent with the terms of this Order, this Order shall govern.

    a. <u>Second Interim Advance</u>. Lender is immediately authorized to loan, on an interim basis, and subject to final approval, an amount not to exceed $150,000.00 (the "Second Advance"). For clarity, the Debtor may only draw down up to $550,000.00 of the proposed DIP Financing, pending a further final hearing on the Motion.

    b. <u>Use of Proceeds & Carve Out.</u> The debtor-in-possession credit facility not to exceed the $550,000.00 (the "DIP Credit Facility") shall be used to pay post-petition administrative expenses of the Chapter 11 Case, subject to the Budget attached hereto as <u>Exhibit "1"</u>, including but not limited to, payment for maintenance and preservation of the property of the Debtor's estate, rent, insurance, utility services, operating expenses and court-approved professional fees and as such pre-petition expenses as may be approved by the Bankruptcy Court; provided, however, Lender's administrative expense claim shall be subject to the following "carve outs" ("Carve Out"): (1) U.S. Trustee quarterly fees; (2) in the event this case is converted to a proceeding under Chapter 7 of the Bankruptcy Code, any administrative expense claim created or recognized by this Order shall be subordinated to the chapter 7 trustee's fees and expenses, but not including the fees and expenses of the chapter 7 trustee's professionals; and (3) a further $100,000 shall be "carved out" and set aside for fees and expenses of professionals employed at the expense of the estate (including attorneys, accountants and appraisers) as may be approved by the Bankruptcy Court, and as set forth in the budget approved by

the Lender.

c. <u>No Cap on Carve Out for Committee Professionals</u>. Notwithstanding anything contained in this Order, the Amended Term Sheet or Loan Agreement, there shall be no limit on the Carve Out for any Committee professionals.

d. <u>Priority</u>: The Second Advance shall be afforded administrative priority status pursuant to 11 U.S.C. § 364(b) as an administrative expense only for funds actually advanced by Lender to benefit the estate pursuant to the Budget; provided, however, that Lender's priority shall be subject to the Carve Out.

e. <u>Interest Rate</u>. Simple interest at the rate of 10% per annum shall accrue. Default interest shall accrue at an additional 2% per annum.

f. <u>Maturity</u>. The DIP Credit Facility shall be due on or before the earlier of: (a) the occurrence of an Event of Default, (b) entry of an order converting the chapter 11 case to a case under chapter 7 of the Bankruptcy Code or dismissing the chapter 11 case, (c) the entry of an order appointing a chapter 11 trustee or examiner, (d) the effective date of a chapter 11 plan; or (e) December 31, 2024.

g. <u>Loan Documents.</u> Borrower shall execute and deliver, and cause to be executed and delivered to Lender a Promissory Note, and such other documents as are reasonable and customary for similar loans.

h. <u>Fees and Expenses</u>. Upon closing of the DIP Credit Facility, Borrower will pay Lender's reasonable attorneys' fees and expenses incurred in connection with documenting and obtaining approval of the DIP Credit Facility; provided, however, prior to Debtor paying any of Lender attorneys' fees and expenses, Lender shall first provide a copy of any invoices to the Unsecured Creditors' Committee

("Committee") and United States Trustee ("UST") and provide at least 14 days for the Committee and UST to review and object to the payment of any attorneys' fees or expenses. In the event of an unresolved objection, the Lender may file a motion to seek Court approval of its reasonable attorneys' fees and expenses.

    i. *Governing Law.* The Amended Term Sheet, Loan Agreement, and any related loan documents shall be governed by and interpreted under the Bankruptcy Code (as codified in Title 11 of the United States Code), the Federal Rules of Bankruptcy Procedure and the laws of the Commonwealth, where applicable.

    j. *Events of Default.* Customary defaults shall exclude (a), (d), (e) and (f) of Section 7.1 of the proposed Loan Agreement filed herein as ECF 47-2.

2. Lender shall be deemed a good faith lender pursuant to 11 U.S.C. § 364(e).

3. The Debtor is authorized to transfer into a separate debtor-in-possession account designated "Professionals' Fee Account" the sum of $200,000, consisting of: (i) $100,000 from the "Initial Advance" authorized in paragraph 3 of the Court's "first" interim order, and (ii) $100,000 from the Second Advance contemplated by this Order.

4. This Order shall be binding on the Debtor, its estate, creditors, and any subsequently appointed Chapter 7 Trustee, provided however, that the priorities granted to the Lender shall be subordinate to the fees and costs of any Chapter 7 Trustee, but not the fees and costs of the Chapter 7 Trustee's professionals.

5. This Order shall inure to the benefit of the Lender and the Debtor and their respective successors and assigns.

6. A final hearing on the Motion shall be held on **June 27, 2024** at **8:30 a.m.**

It is SO ORDERED nun pro tunc this 28th day of June 2024.

_____
RAMONA V. MANGLONA
Chief Judge

Approved as to form:

/s/ Neil J. Verbrugge
Curtis B. Ching, Esq.
Neil J. Verbrugge, Esq.
Counsel for Office of the U.S. Trustee

Approved as to form:

/s/ Christopher Wong
Aram Ordubegian, Esq.
Christopher Wong, Esq.
Keith Chambers, II, Esq.
Proposed Counsel for the Official Committee of Unsecured Creditors