**SAN NICOLAS LAW OFFICE, LLC**
**Joey P. San Nicolas, Esq. (F0342)**
**P.O. Box 505335**
**SAIPAN, MP  96950**
**670-288-1073**
**jpsn@sannicolaslaw.net**

Attorney for Third-Party Bidder Loi Lam Sit

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS
## BANKRUPTCY DIVISION

| | |
|---|---|
| In re<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>Debtor and<br>Debtor-in-Possession | Case No. 1:24-bk-00002<br><br>**RESPONSE TO ORDER TO SHOW CAUSE (ECF No. 238) BY THIRD PARTY WITNESS LOI LAM SIT'S**<br><br>Date: September 24, 2024<br><br>Time: 8:30 AM<br><br>Judge: Chief Juge Ramona V. Manglona |

COMES NOW, Loi Lam Sit (hereafter "Sit"), by and through his counsel, Joey P. San Nicolas, Esq., ("San Nicolas") and hereby respectfully responds to the Court's Order to Show Cause (ECF No. 238).

### I.  STATEMENT OF RELEVANT FACTS

On June 20, 2024, Mr. Sit engaged the legal service of San Nicolas Law Office, LLC, to represent him in the above captioned case as a proposed Debtor-In-Possession (DIP) lender. See *Decl.* of Joey P. San Nicolas. Prior to the June 20, 2024, engagement, Mr. Sit had no dealing with San Nicolas Law Office. See *Decl.* of Joey P. San Nicolas.

Mr. Sit retained San Nicolas Law Office, LLC to represent Mr. Sit as potential lender then as a potential purchaser in this case. Mr. Sit did not authorize San Nicolas Law Office to accept service of legal documents that would require personal services, such as summons, subpoena, etc. See *Decl.* of Joey P. San Nicolas.

After Mr. Sit engaged San Nicolas Law Office, San Nicolas drafted and filed one declaration on behalf of Mr. Sit. (ECF No. 140) (stating among other things that Mr. Sit is a resident of Hong Kong). San Nicolas also appeared before the Court on behalf of Mr. Sit in several court hearings on motions filed by other parties as reflected in the record.

On September 9, 2024, from New York, counsel for creditor Joshua Gray issued a Notice of Remote Deposition of Mr. Sit. The date of the remote deposition of Sit was set for September 13, 2024, at 9:00 a.m. (ChST), via Zoom. The notice was received by San Nicolas Law Office on September 10, 2024 at about 1:09PM (ChST) due to the time difference between New York and the CNMI. The notice stated that "the Deposition shall continue from day-to-day until completed."

On September 10, 2024, the CNMI Government also issued a Notice of Deposition and for Production of Documents. The date of the remote deposition of Mr. Sit by CNMI was also set for September 13, 2024, at 9:00 a.m. (ChST), via Zoom. The notice was received by San Nicolas Law Office on September 10, 2024, around 5:30PM (ChST). The Notice from CNMI government also requests Mr. Sit to produce the following documents:

1) any documents to show he has experience in construction and management of a hotel;

2) any documents evincing his ability to finish construction that is estimated to cost $150 million.

The notice stated that "the Deposition shall continue from day-to-day until completed."

## II. ARGUMENTS

1. *Invalid Service of Process*

A deposition subpoena must be served upon the deponent. According to Rule 45 of the Federal Rules of Civil Procedure (applicable to this proceeding through Federal Rule of Bankruptcy 9016), service of a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for one day's attendance and the mileage allowed by law. This requirement is further supported by case law in the Ninth Circuit, which generally mandates personal service of a deposition subpoena on the nonparty deponent. See *Redick v. Lowes Home Ctrs., LLC*, 2022 U.S. Dist. LEXIS 106398, *Newell v. County of San Diego*, 2013 U.S. Dist. LEXIS 127039.

Additionally, Rule 30 of the Federal Rules of Civil Procedure, which applies to bankruptcy cases through Federal Rule of Bankruptcy Procedure 7030, states that a deponent's attendance may be compelled by subpoena under Rule 45. See *Molina v. City of Visalia*, 2015 U.S. Dist. LEXIS 169642, *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218. The subpoena must be hand-delivered to the deponent, along with the fees and mileage allowance required by law. *Zavala v. Deutsche Bank Trust Co. Ams.*, 2013 U.S. Dist. LEXIS 77664, *Perry v. Cashcall Inc.,* 2013 U.S. Dist. LEXIS 166434. Failure to properly serve the subpoena can result in the court not having the authority to compel the deposition. *Newell v. County of San Diego*, 2013 U.S. Dist. LEXIS 127039.

CNMI Government and Joshua Gray purported to electronically serve the Deposition Subpoenas upon Mr. Sit's legal representative. Joshua Gray now cites *Rubin v. Pringle (In re Focus Media Inc.)*, 387 F.3d 1077 (9th Cir. 2024) to support his argument that the electronic service upon Mr. Sit's legal counsel was valid because counsel for Mr. Sit was impliedly designated as an agent for service of process for Mr. Sit.

The *Rubin* case is a dissimilar case because it involves service of an adversary complaint

upon a party in an adversary proceeding before the bankruptcy court. The current proceeding is not an adversary proceeding nor can Mr. Sit be considered a party. More importantly, legal counsel in the *Rubin* case was "extensively involved" in the bankruptcy proceeding while the involvement for Mr. Sit's legal counsel in the underlying bankruptcy proceeding has been very limited.

In the *Rubin* case, the principal's own declaration established that his legal counsel was extensively involved in various legal matters, whereas there is no such declaration or evidence in this proceeding suggesting so. The record and declaration of San Nicolas confirm the contrary. San Nicolas Law Office has no prior dealing with Mr. Sit and when asked by counsel Mr. Sit expressly informed counsel that he was not authorized to accept services of the subpoena.

2.  *The Deposition Notices have only Two Days Notice, The Notices Imposed An Undue Burden on Mr. Sit and were Issued for Improper Purposes*

Under Federal Rule of Civil Procedure 45(d)(1), a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

In the Ninth Circuit, the amount of advance notice required for a deposition notice generally depends on whether the deposition notice includes a request for the production of documents. If the deposition notice does not require the production of documents, courts in the Ninth Circuit have construed "reasonable notice" to be at least five days. *Guzman v. Bridgepoint Educ., Inc.*, 2014 U.S. Dist. LEXIS 58806, *Thompson v. Corelogic Rental Prop. Sols.*, LLC, 2022 U.S. Dist. LEXIS 187672.

However, if the deposition notice includes a request for the production of documents, Rule 30(b)(2) of the Federal Rules of Civil Procedure dictates that "reasonable notice" is construed

under Rule 34, which requires a minimum of 30 days' notice. See *Guzman v. Bridgepoint Educ., Inc.,* 2014 U.S. Dist. LEXIS 58806, *Thompson v. Corelogic Rental Prop. Sols., LLC*, 2022 U.S. Dist. LEXIS 187672. For instance, in *Thompson* case, the court held that 17 days' notice was insufficient when the deposition notice included a request for document production, as Rule 34 requires at least 30 days' notice.

The Deposition Notice from the CNMI government includes a request for production of documents, but only give two days notice. Similarly, the Deposition Notice from Joshua Gray, although did not specifically ask for production of documents, it only gave two days notice as well.

3. *The duration of the Deposition Imposes Undue Burden on Mr. Sit.*

In a bankruptcy proceeding within the Ninth Circuit, without the leave of court, the duration of an oral examination in a deposition is generally limited to one day of seven hours. This limitation is established under Federal Rule of Civil Procedure 30(d)(1), which applies to bankruptcy cases through Federal Rule of Bankruptcy Procedure 7030. See *Paige v. Consumer Programs, Inc*., 248 F.R.D. 272, *Renewable Resources Coalition, Inc. v. Kaplan (In re Kaplan)*, 2013 Bankr. LEXIS 2390, *San Francisco Bay Area Rapid Transit Dist. v. Spencer*, 2006 U.S. Dist. LEXIS 73135.

The Deposition Notice from CNMI government states that "[t]he deposition shall continue from day-to-day until completed." The Deposition Notice from Gray also stated that "[t]he deposition shall continue from day-to-day until completed." Both notices would go beyond the one day seven hours limit, without the leave of court. Such Notices impose an undue burden on Mr. Sit.

4. *The Deposition Notice from CNMI failed to Comply with F.R.C.P. 45 (d) (1) and the failure prejudices Mr. Sit and the IPI Estate.*

Under Federal Rule of Civil Procedure 45(d)(1), "if the subpoena commands the

-5.-

production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."

The subpoena notice issued by CNMI's attorney failed to comply with that requirement, it commanded the production of documents and was not served on the parties to the Action which conceivably includes the Office of the U.S. Trustee and all others who have appeared.

Failure to provide such notice does not automatically render the subpoena invalid. In *Fujikura Ltd. v. Finisar Corp.*, the court held that the failure to give pre-service notice was not a basis for quashing the subpoena. See *Fujikura Ltd. v. Finisar Corp.*, 2015 U.S. Dist. LEXIS 135871. While the issuing party's failure to serve notice to other parties as required by Rule 45(a)(4) is a procedural defect, it does not necessarily invalidate the subpoena unless it results in prejudice or other significant issues. See *Fujikura Ltd.* at 12.

Given the extreme brief notice to Mr. Sit, and the procedural failure of CNMI to serve the same notice on other parties, such as IPI, and the Creditor Committee, the Court should find the subpoena invalid.

Finally, the OSC should not be considered until after the hearing on IPI's bid procedure motion whereby IPI seeks to have Mr. Sit designated as the Stalking Horse Purchaser at a proposed purchase price of Ten Million Dollars subject to overbidding. If the Court denies the bid procedures motion, Mr. Sit would likely withdraw his offer and the deposition would become moot and irrelevant.

Similarly, the request made by CNMI for Mr. Sit to produce documents related to his experience with hotel management and his financial resources to complete the construction, which is estimated at $150 million is premature and simply not relevant for IPI's bid procedure motion. By taking an aggressive position to depose Mr. Sit with such a short notice and demanding the

production of documents, CNMI attempts to sideline Mr. Sit from acting as a stalking horse bidder. The loss of a stalking horse bidder would prejudice IPI and its general unsecured creditors who would benefit from having Mr. Sit as a stalking horse with a beginning bid of Ten Million Dollars.

The combination of an extreme short notice period (2 days), and the failure to notify other parties of the deposition as required by Rule 45(d)(1) has the effect, if not by design, to derail IPI's attempt to proceed with an orderly liquidation of its assets and prejudices IPI and other general unsecured creditors, therefore, the deposition notice issued by CNMI should be found invalid.

### III. CONCLUSION

For the reasons stated herein, Third-Party Witness Loi Lam Sit respectfully requests the Court find that good causes exist for the failure for Mr. Sit to attend the deposition, and not to enter an order as requested by Gray and CNMI.

.

Respectfully submitted this 18th day of September, 2024.

*/s/ Joey P. San Nicolas*
JOEY P. SAN NICOLAS, Attorney for
Third-Party Wtiness Loi Lam Sit