F I L E D
Clerk
District Court

SEP 26 2024

for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS
BANKRUPTCY DIVISION**

In re:

IMPERIAL PACIFIC INTERNATIONAL
(CNMI), LLC,

       Debtor and
       Debtor-in-Possession.

Case No. 1:24-bk-00002
Chapter 11

**ORDER GRANTING CLEAR'S
MOTIONS TO APPROVE VEHICLE
SALES AND TO AUTHORIZE
PAYMENT OF COMMISSIONS AND
EXPENSES**

Before the court are the Motions of Clear Management, Ltd. ("Clear"), for the approval of the sale of 11 vehicles sold at auction on April 11, 2024 (ECF No. 216) and for the payment of commissions, expenses, and legal fees and expenses, in connection with the sale (ECF No. 249).

The Fanter Receivership Order was issued by the court on January 12, 2024, in *U.S.A. Fanter Corp., Ltd. v. Imperial Pacific International (CNMI), LLC*, 1:21-CV-00035; the Receivership Order provides that "Clear Management will be paid 15% of all sales proceeds as and when those proceeds of sales are made, together with reimbursement of reasonable expenses for advertisement and administration of the auction, subject to Court approval." (1:21-CV-00035 ECF No. 49.) On June 28, 2024, Clear, the Official Committee of General Unsecured Creditors (the "Committee"), Judgment Creditor Gray, Judgment Creditor U.S.A. Fanter, Judgment Creditor Dotts, and Creditor Commonwealth of the Northern Mariana Islands stipulated that "Clear shall receive the costs and commissions to which it is entitled for the sale of these 11 vehicles as provided in the Fanter Receivership Order. However, prior to paying any of Clear's costs and commissions… Clear shall first provide a copy of any invoices to the Committee and the [United States Trustee ("UST")] and provide at least 14 days for the

Committee and the UST to review and object to the payment of any costs and commissions."

(ECF No. 148.)

On August 31, 2024, Clear filed a Motion requesting the court's approval of the sale of 11 vehicles sold at auction on April 11, 2024 and authorization to deliver the keys and titles to the eleven vehicles to the successful purchasers. (ECF No. 216.) Clear represents and the court notes that no opposition to this Motion has been filed. (ECF No. 249, 2; *see* ECF No. 235.) Further, Clear represents to the court that on August 31, 2024, Clear provided notice of its claim for commissions and expenses to the Committee and the United States Trustee (ECF No. 249, 3, 11–13), and that no opposition to its claim has been filed.

The court hereby GRANTS Clear's Motions for the court's approval of the vehicle sales and for the court's authorization for payment of commissions and expenses. The payment of the following sums out of the proceeds of the sale of the eleven vehicles is approved: to Clear Management, as a commission on the sale, $56,325.00; to Clear Management, for expenses incurred in connection with the sale, $42,302.84; and to The Law Offices of Michael A. White, LLC, for legal fees and expenses in connection with the sale, in the amount of $9,245.00. Clear Management's attorney is authorized and directed to disburse the approved funds out of the proceeds of sale now being held in his Escrow Trust Account. The remaining funds in the account shall remain in the account, pending further orders of the court. Further, the October 17, 2024 hearing on ECF No. 216 is hereby vacated.

IT IS SO ORDERED this 26th day of September, 2024.

RAMONA V. MANGLONA
Chief Judge

- 2 -