Aram Ordubegian (admitted *pro hac vice*)
Christopher K.S. Wong (admitted *pro hac vice*)
**ARENTFOX SCHIFF LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:    213.629.7400
Facsimile:    213.629.7401
aram.ordubegian@afslaw.com
christopher.wong@afslaw.com

Keith Chambers II (F0528)
**CHAMBERS LAW LLC**
Marianas Business Plaza, Suite 409
PMB 919 Box 10000
Saipan, MP 96950
Telephone:    670.234.9005/06
Facsimile:    670.235.9007
keith.chambers@chamberslawcnmi.com

Attorneys for the Official Committee
of General Unsecured Creditors

CHOI & ITO
Attorneys at Law

CHUCK C. CHOI (admitted *pro hac vice*)
ALLISON A. ITO (admitted *pro hac vice*)
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813

Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: cchoi@hibklaw.com;
aito@hibklaw.com

McDONALD LAW OFFICE
CHARLES McDONALD
2nd Floor ICC, Room 203
Gualo Rai, Saipan, MP 96950
Telephone: (866) 967-7567
E-Mail: charles@mcdonald.law

Attorneys for Debtor
and Debtor-in-Possession

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN MARIANA ISLANDS**

**BANKRUPTCY DIVISION**

| | |
|---|---|
| In re<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC<br><br>    Debtor and<br>    Debtor-in-possession | Case No.  24-00002<br>(Chapter 11) |

90298
AFSDOCS:304287700.1

**JOINT MOTION FOR ORDER APPROVING DISCLOSURE STATEMENT FOR JOINT CHAPTER 11 PLAN OF LIQUIDATION DATED OCTOBER 31, 2025 BY DEBTOR AND OFFICIAL COMMITTEE OF GENERAL UNSECURED CREDITORS, AND BALLOTING PROCEDURES AND SCHEDULING DEADLINES; EXHIBITS A – B**

IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, debtor and debtor in possession herein ("Debtor"), and the Official Committee of General Unsecured Creditors (the "Committee", and together, the "Plan Proponents") in the above-captioned chapter 11 case (the "Chapter 11 Case"), through their respective undersigned counsel, and pursuant to 11 U.S.C. § 1125, Rules 2002, 3016, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules 3017-1 and 3020-1, seek entry of an order approving the *Disclosure Statement* (the "Disclosure Statement") For The *Joint Chapter 11 Plan Of Liquidation Dated October 31, 2025 By Debtor And Official Committee Of General Unsecured Creditors* (the "Plan"), and other solicitation materials for distribution to creditors and interested parties, establishing a schedule for creditors to accept or reject the Plan, and scheduling a hearing to confirm the Plan.

**BACKGROUND**

1. On April 19, 2024, the Debtor commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States District Court for the Northern Mariana Islands, Bankruptcy Division.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The Debtor filed the Plan and Disclosure Statement on October 31, 2025.

4. Information regarding the Debtor's background and the events leading to the Debtor's filing for Chapter 11 relief are set forth in Article II of the Disclosure Statement and incorporated herein by reference.

**RELIEF REQUESTED**

6. <u>Approval of Disclosure Statement</u>: A disclosure statement must contain information adequate to allow a "hypothetical reasonable investor typical of holders of claims or interest of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a); <u>In re Kelley</u>, 199 B.R. 698, 703 (B.A.P. 9th Cir. 1996). A disclosure statement should provide a creditor with all of the information that the creditor needs to assess the merits and risks of the plan. <u>See</u>, e.g., <u>Duff v. Unites States Trustee (In re California Fidelity, Inc.)</u>, 198 B.R. 567, 571 (9th Cir. B.A.P. 1996) ("The purpose of the disclosure statement is to give all creditors a source of information which allows them to make an informed choice regarding the approval or rejection of a plan. At a minimum, § 1125(b) seeks to guarantee that a creditor receives adequate information about the plan before the creditor is asked for a vote.") (citing <u>Century Glove, Inc. v. First Am. Bank of New York</u>, 860 F.2d 94, 100 (3rd Cir. 1988)).

7. The proposed Disclosure Statement contains the requisite information regarding the classification and treatment of creditors, a detailed description of the history of the Debtor, its assets and liabilities, and summary of post-petition developments, tax implications, and the means for implementation of the Plan. The Disclosure Statement satisfies the standard for adequacy under section 1125(b) of the Bankruptcy Code.

8. <u>Approval of Solicitation Packages and Procedures</u>: Rules 2002(b), 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure and LBR 3017-1 and 3020-1, govern, among other things, service of a proposed disclosure statement, notice to creditors of the disclosure and confirmation hearings, deadlines for filing written objections to a disclosure statement and plan, and service thereof.

9. The Plan Proponents request that the Court approve the dissemination of the

Disclosure Statement, the Plan, related notices and solicitation materials, and approve the form of service of such materials, as follows:

    a.    <u>Solicitation Package</u>: The Plan Proponents will serve a "Solicitation Package" consisting of (i) the Disclosure Statement; (ii) a notice of the scheduled hearing regarding confirmation the Plan (the "Confirmation Hearing") and of the deadlines for voting and filing objections, substantially in the form of the proposed notice attached hereto as <u>Exhibit A</u> (the "Confirmation Hearing Notice"); and (iii) an appropriate ballot or ballots (if the recipient is entitled to vote on the Plan), on the entities described below:

    b.    <u>Service</u>: The Plan Proponents will serve the Solicitation Package upon: (i) all known claimants that have filed a proof of claim in this case that have not been disallowed or expunged by an order of this Court, (ii) creditors of the Debtor scheduled in its "Schedules of Assets and Liabilities" (as amended, the "Schedules") as liquidated, undisputed, noncontingent claims in an amount of more than $0; (iii) all parties who have requested special notice in this case; (iv) the appropriate governmental entities enumerated in Bankruptcy Rule 2002(j); (v) the Office of the United States Trustee; and (vi) parties to any remaining executory contracts or unexpired leases with the Debtor.

10. The Plan Proponents also seek approval of the proposed forms of ballot substantially in the forms attached as <u>Exhibit B</u> in the solicitation of votes for the Plan for voting classes 2(C), 3(A), 3(B), 3(C), and 3(D) under the Plan (for simplicity, just the class 2(C) ballot is attached hereto as they are virtually identical).

11. Finally, the Plan Proponents request the Court set the following hearing date and deadlines for balloting and objections:

    a.    <u>Confirmation Hearing Date</u>: Approximately three months after the hearing

date on this motion.

    b.    <u>Deadline to Serve Solicitation Package</u>: At least forty-two (42) days prior to the Confirmation Hearing Date.

    c.    <u>Balloting Deadline</u>:  5:00 p.m. on the day that is fourteen (14) calendar days before the Confirmation Hearing.

    d.    <u>Deadline to File Objections to Confirmation of Plan</u>:  Fourteen (14) days prior to the Confirmation Hearing.

    e.    <u>Deadline to Submit Ballot Tabulation</u>:   Seven (7) days prior to the Confirmation Hearing.

    f.    <u>Deadline to File Confirmation Brief and any Reply to Any Objections to Confirmation</u>:  Seven (7) days prior to the Confirmation Hearing.

    g.    Pursuant to the Disclosure Statement, Veritas is proposed to serve as ballot tabulator.

## CONCLUSION

WHEREFORE, the Plan Proponents respectfully request that the Court enter an order (a) approving the Disclosure Statement as containing adequate information; (b) approving the proposed solicitation and balloting procedures, including the proposed Confirmation Hearing Notice and ballots substantially in the form submitted herewith; (c) scheduling a hearing to consider confirmation of the Plan; and (d) grant such other and further relief as the Court deems fair and just.

| | |
|---|---|
| Dated: November 15, 2025 | **ARENTFOX SCHIFF LLP** |
| | By: <u>Christopher K. S. Wong</u><br>　　Aram Ordubegian<br>　　Christopher K.S. Wong<br>　　Attorneys for the Official Committee of<br>　　Unsecured Creditors |
| Dated: November 15, 2025 | **CHOI & ITO ATTORNEYS AT LAW** |
| | By: <u>/s/ Allison A. Ito</u><br>　　Chuck C. Choi<br>　　Allison A. Ito<br>　　Attorneys for Imperial Pacific International<br>　　(CNMI), LLC, the debtor and debtor in<br>　　possession |

Exhibit A

(Confirmation Hearing Notice)

90298
AFSDOCS:304287700.1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

BANKRUPTCY DIVISION

| In re | Case No. 24-00002 |
|---|---|
| IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC | (Chapter 11) |
| Debtor and Debtor-in-possession | |

NOTICE OF HEARING ON CONFIRMATION OF
JOINT CHAPTER 11 PLAN OF LIQUIDATION DATED OCTOBER 31, 2025

TO CREDITORS AND PARTIES IN INTEREST:

On April 19, 2024, Imperial Pacific International (CNMI), LLC, the debtor and debtor-in-possession ("Debtor"), filed a voluntary petition for relief under chapter 11 of the United States Code in the United States District Court for the Northern Mariana Islands, Bankruptcy Division ("Court").

On October 31, 2025, the Debtor and the Official Committee of General Unsecured Creditors (the "Committee", together with the Debtor, the "Plan Proponents") filed a *Disclosure Statement* (the "Disclosure Statement") For The *Joint Chapter 11 Plan Of Liquidation Dated October 31, 2025 By Debtor And Official Committee Of General Unsecured Creditors* (the "Plan").

On _____, the Court entered its Order Approving Disclosure Statement For Joint Chapter 11 Plan Of Liquidation Dated October 31, 2025, and Balloting Procedures and Scheduling Deadlines. By this order, the Court, among other things, approved the Disclosure Statement, which is intended to assist you in deciding whether to vote for or against the Plan, both of which are delivered with this Notice.

Under the Bankruptcy Code, only classes of claims or interests that are "impaired" and that are not deemed as a matter of law to have rejected a plan of reorganization under section 1126 of the Bankruptcy Code are entitled to vote to accept or reject a plan. Any class that is "unimpaired" is conclusively presumed to have accepted the plan. A class is "impaired" if the legal, equitable, or contractual rights attaching to the claims or Interests of that class are modified or altered.

Holders of claims in the following classes are impaired and are entitled to vote to accept or reject the Plan: Class 2(C) (Other Secured Claims), Class 3(A) (General Unsecured Claim of

Commonwealth Casino Commission), Class 3(B) (General Unsecured Claim of the Commonwealth Treasurer), Class 3(C) (General Unsecured Claim of Joshua Gray, U.S.A. Fanter Corporation, Ltd., and the Law Office of Michael W. Dotts), and Class 3(D) (Other General Unsecured Claims).

Holders of claims in the following classes are <u>not</u> impaired and are <u>not</u> entitled to vote to accept or reject the Plan: Class 1 (Priority Non-Tax Claims), Class 2(A) (Secured Claim of CNMI Department of Finance, Division of Revenue and Taxation), and Class 2(B) (Secured Claim of Joshua Gray, U.S.A. Fanter Corporation, Ltd., and the Law Office of Michael W. Dotts).

Holders of Class 4 Equity Interest will not receive anything under the Plan, and are, therefore, deemed to reject the Plan, and are not entitled to vote on the Plan.

Holders of Claims or Interests in Classes that are not entitled to vote on the Plan **will not** provide ballots. If you wish to receive a ballot you may contact Allison Ito, Esq. at aito@hibklaw.com, or at (808) 533-1877.

**PLEASE TAKE NOTICE** that a hearing on confirmation of the Plan, will be held on _____, at _____ __.m. Chamorro Standard Time, before the Honorable Robert J. Faris, United States Bankruptcy Judge, the United States District Court for the Northern Mariana Islands, Bankruptcy Division, 1671 Gualo Rai Rd., Gualo Rai, Saipan, MP 96950.

**PLEASE TAKE FURTHER NOTICE** that any claimant who wishes to vote on the Plan must return any ballot to accept or reject the Plan so that they are actually received by no later than _____, at 5:00 p.m., Chamorro Standard Time (the "Deadline") at the following address:

      KCC dba Verita Global
      222 N. Pacific Coast Hwy., Ste. 300
      El Segundo, CA 90245

      -Or-

      Electronically: https://www.veritaglobal.net/ipi

**ANY BALLOTS RECEIVED AFTER THAT DEADLINE WILL NOT BE COUNTED.** Claimants must return their ballots to the address set forth above and in accordance with the instructions on the ballots.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Plan must be filed with the Court on or before _____. Only those objections that are timely filed, served, and otherwise comply with the requirements of this Notice may be considered by the Court.

**PLEASE TAKE FURTHER NOTICE** that all pleadings and exhibits must be served so that they are **received** by the applicable deadline and shall be served upon (a) counsel to the Debtor; (b) counsel to the Committee, (c) the Office of the United States Trustee, and (d) all parties who have timely filed requests for notice under Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that in addition to being timely filed and served as set forth above, any objection to the Plan must be in writing, must state with particularity the legal and factual basis for the objection, and must include copies of all documents, exhibits and declarations that the objecting party intends to rely upon in opposing confirmation.

Dated:  November __, 2025                 **ARENTFOX SCHIFF LLP**


By: _____
    Aram Ordubegian
    Christopher K.S. Wong
    Attorneys for the Official Committee of
    Unsecured Creditors


Dated:  November ___, 2025                 **CHOI & ITO ATTORNEYS AT LAW**


By: _____
    Chuck C. Choi
    Allison A. Ito
    Attorneys for Imperial Pacific International
    (CNMI), LLC, the debtor and debtor in
    possession

Exhibit B
(Ballot)

DCS:304287700.1

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN MARIANA ISLANDS**

**BANKRUPTCY DIVISION**

| | |
|---|---|
| In re<br><br>IMPERIAL PACIFIC<br>INTERNATIONAL (CNMI), LLC<br><br>    Debtor and<br>    Debtor-in-possession | Case No.  24-00002<br>(Chapter 11) |

SAMPLE BALLOT FOR **CLASS 2C** CREDITORS
TO ACCEPT OR REJECT
*JOINT CHAPTER 11 PLAN OF LIQUIDATION*
<u>*DATED OCTOBER 31, 2025*</u>

On April 19, 2024, Imperial Pacific International (CNMI), LLC, the debtor and debtor-in-possession ("Debtor"), filed a voluntary petition for relief under chapter 11 of the United States Code in the United States District Court for the Northern Mariana Islands, Bankruptcy Division ("Court").

On October 31, 2025, the Debtor and the Official Committee of General Unsecured Creditors filed a *Disclosure Statement* (the "Disclosure Statement") For The *Joint Chapter 11 Plan Of Liquidation Dated October 31, 2025 By Debtor And Official Committee Of General Unsecured Creditors* (The "Plan").

On _____, 2025, the Court approved the Disclosure Statement, which is intended to assist you in deciding whether to vote for or against the Plan.  The Court's approval of the Disclosure Statement does not indicate its approval of the Plan.

You should review the Plan and the Disclosure Statement before you vote.  You may wish to seek legal, financial, and other advice concerning the Plan and your classification and treatment under the Plan, and the tax consequences arising from the Plan.  If the Court confirms the Plan, it will be binding on you whether or not you vote.

The Plan classifies at least one of your claims into **Class 2C**.  If you hold claims that have been classified into other classes, you should receive a ballot for each class for which you are entitled to vote.  If you do not, please contact the undersigned counsel for the Debtor.

2

This Ballot is to be used for casting votes to accept or reject the Plan.  The Plan can be confirmed by the Court if it is accepted by holders of two-thirds in amount and more than one-half in number of claims of those actually voting in each class of claims under the Plan.  The Court may also confirm the Plan even if the required acceptances are not obtained if the Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code.

FOR YOUR VOTE TO BE COUNTED, YOU MUST COMPLETE THE BALLOT AND THEN RETURN THE BALLOT ON A TIMELY BASIS.  The Ballot must be received at the following address **on or before _____, 2025 by 5:00 p.m., Chamorro Standard Time (the "Voting Deadline")**:

   KCC dba Verita Global
   222 N. Pacific Coast Hwy., Ste. 300
   El Segundo, CA 90245

   -Or-

   Electronically: https://www.veritaglobal.net/ipi

If a ballot is received after the Voting Deadline, it will <u>not</u> be counted.  If you complete and return more than one ballot for the same claim, the first ballot received before the balloting deadline will be the only ballot that is counted absent further order from the Court.  Do not return any securities, instruments, or other documentation with your ballot.  If your ballot is damaged, or if you have any questions concerning voting procedures, please contact counsel for the Debtor.  The ballot is for voting purposes only and does not constitute and will not be deemed to constitute a proof of claim or proof of interest or an amendment to a proof of claim with respect to the Debtor.

If neither the "accept" nor "reject" box is checked, this Ballot will not be counted as having been cast.  If this Ballot is not signed on the appropriate lines below, this Ballot will not be valid or counted as having been cast.

<u>ACCEPTANCE OR REJECTION OF PLAN</u>

The undersigned, a holder of a **Class 2C** Claim against the Debtor in the amount of: $_____ (enter dollar amount here) votes with respect to the Plan as follows (check only one box):

☐  **TO ACCEPT THE PLAN**          ☐  **TO REJECT THE PLAN**

By signing this Ballot, the undersigned certifies that he or she has received a copy of the Plan and the Disclosure Statement and is authorized to vote the claim to which this Ballot relates.

3

| | |
|---|---|
| _____ | _____ |
| *Date* | *Print or type name of creditor* |
| | |
| | _____ |
| | *Signature* |
| | |
| | _____ |
| | *If authorized agent, name and title* |
| | |
| | _____ |
| | *Address* |
| | |
| | _____ |
| | *Telephone* |
| | |
| | _____ |
| | *Facsimile or email* |

4

DCS:304287700.1