CHOI & ITO
Attorneys at Law

CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, HI 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
Email: cchoi@hibklaw.com ; aito@hibklaw.com

MCDONALD LAW OFFICE

Charles H. McDonald II (F0494)
2nd Floor ICC, Room 203
Gualo Rai, Saipan, MP 96950
Telephone: (866) 967-7567
E-Mail: charles@mcdonald.law

Attorneys for Debtor and Debtor-in-Possession

IN THE UNITED STATES DISTRICT COURT
FOR THE NORHERN MARIANA ISLANDS
BANKRUPTCY DIVISION

| | |
|---|---|
| In re<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>                     Debtor. | Case No.  1:24-BK-00002<br><br>**DECLARATION OF COUNSEL IN SUPPORT OF**<br>**UNITED STATES TRUSTEE'S OBJECTION TO INTREPID INVESTMENT BANKERS LLC APPLICATION FOR COMPENSATION**<br><br>**<u>Hearing Date and Time</u>**<br>Date:    December 5, 2025<br>Time:   9:00 a.m. (ChST)<br>Judge: Hon. Robert J. Faris |

1

DECLARATION OF CHUCK C. CHOI

I, Chuck C. Choi, hereby declare under penalty of perjury that:

1. I am a partner at Choi & Ito, general bankruptcy counsel for Imperial Pacific International (CNMI), LLC, the debtor and debtor-in-possession herein (the "Debtor"). I am competent to make this declaration and, unless otherwise specifically stated, the matters set forth herein are based on my personal knowledge.

2. I make this declaration in support of the UNITED STATES TRUSTEE'S OBJECTION TO INTREPID INVESTMENT BANKERS LLC APPLICATION FOR COMPENSATION, filed as ECF 500 by the Office of the United States Trustee ("UST").

3. On April 19, 2024, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States District Court for the District of the Northern Mariana Islands, bankruptcy division (the "Court").

4. On April 23, 2024, the Debtor filed its *Motion for Order Authorizing Debtor to Obtain Postpetition Secured Indebtedness* ("DIP Financing Motion") (ECF 12, 15), seeking to borrow up to $7 million from Loi Lam Sit ("Sit"). The budget for the DIP Financing Motion contemplated the payment of $6.150 million to the Commonwealth Casino Commission and the "CNMI Treasury" for a settlement that would have allowed the Debtor's casino to restart operations. See ECF 15 at 6.

5. On May 10, 2024, the Debtor submitted a redlined loan term sheet wherein Sit agreed to seek administrative priority status for the loan. See ECF 47-1.

6. On May 14, 2024, the UST appointed a Committee of Unsecured

Creditors (the "Committee") consisting of Hughes Hubbard & Reed LLP, DFK Limited, and Corrado Modica.  See ECF 54.  ArentFox Schiff LLP is lead bankruptcy counsel for the Committee.  See ECF 162.

7. On June 24, 2024, Joshua Gray filed a *Notice Concerning $20 million Transfer to Debtor IPI* wherein he quoted Howyo Chi as stating that "'On August 1, 2023, and August 2, 2023 . . . Kyosei made the first $20 Million **available to IPI to cover its urgent needs for capital.**'"  See ECF 136 at 2 (emphasis in original).

8. On August 10, 2024, the Debtor filed its *Motion to Approve Bid Procedures for Sale of Substantially All of the Debtor's Assets and Related Relief* ("Debtor's Bid Procedures Motion") seeking to sell substantially all of the Debtor's assets to Sit as the Stalking Horse Purchaser for $10 million, subject to overbid. Specifically, the Debtor requested the Court (i) set an auction date (if necessary); (ii) approve payment of a break-up fee (the "Break-Up Fee") of $200,000 to the Stalking Horse Purchaser; (iii) set a deadline for "Qualified Bids" to be submitted; (iv) establish other Bidding Procedures for any auction if a Qualified Bid is timely made; (v) allow the Stalking Horse Purchaser to receive a "bid credit" in the amount of the Break Up Fee at each round of bidding at any auction; and (vi) set minimum incremental bidding at any auction of $100,000.00.[1]  See ECF 182.

9. On September 6, 2024, the Debtor filed its *Application to Employ Keen-Summit Capital Partners LLC ("Keen") as Real Estate Brokers to Debtor* (the "Keen

---

[1] The exclusive casino license (the "Casino License") for the island of Saipan was not included due to the prohibitive cure cost.

2

Employment Application") to market the assets that are the subject of the Bid Procedures Motion. See ECF 222. Keen's proposed compensation consisted of:

> A "fixed fee" of $250,000 ($50,000 engagement fee + $200,000 minimum fee which is payable even if the existing stalking horse bidder closes the sale or a credit bid is made, regardless of Keen's marketing efforts).
>
> A 5% "Transaction Fee" on the gross proceeds only if a higher bid is obtained.

Id. at 8.

10. On September 23, 2024, the Committee filed an *Application to Employ Intrepid Investment Bankers LLC as Investment Bankers Effective as of September 22, 2024 Pursuant to 11 U.S.C. §§ 328 and 1103* (the "Intrepid Employment Application"). The Committee argued that Intrepid's employment was necessary "because of its need to retain a qualified investment banker to assist it in the critical tasks of marketing and maximizing the return from the sale of the Debtor's assets." See ECF 251 at 5.

11. At a hearing held on October 1, 2024, the Court denied the Debtor's Bid Procedures Motion, approved the Intrepid Employment Application (as Committee's advisor) and denied the Keen Employment Application. At the conclusion of the hearing, I requested the Court set a status hearing on Intrepid's progress. The Court scheduled a status conference for November 6, 2024.

12. On October 2, 2024 (HST), I had an introductory call with Intrepid and Committee counsel for the purpose of providing due diligence information for Intrepid which was set out in a comprehensive due diligence list from Intrepid.

13. During October, 2024, Choi & Ito obtained available diligence information from the Debtor to allow Intrepid to create a data room. Unfortunately, because the casino ceased operating in 2020, the available information was dated.

3

There were no reports available concerning the structural integrity of the hotel building.

14.     In around the middle of December, 2024, Sit hired Christopher Muzzi as bankruptcy counsel.

15.     On January 4, 2025, the Debtor and Committee filed a *Stipulation . . . (A) to Establish Bidding Procedures for the Sale of the Assets of the Debtor, (B) to Designate a Stalking Horse Bidder, (C) to Schedule an Auction and a Sale Hearing, and (D) to Establish Assumption and Assignment Procedures*.  See ECF 338.

16.     In January of 2025, I negotiated directly with Mr. Muzzi, the terms of an improved offer from Sit to purchase substantially all of the assets of the Debtor, including an "option" to acquire the Casino License and the payment of an additional $2.5 million to the estate if the Casino License were assumed and assigned to the buyer within 270 days of closing.

17.     The deadline for submitting competing bids under the Joint Bid Procedures Order was February 21, 2025.  On February 17, 2025 (HST), I received a call from Louie Yanza, counsel for Team King.  He asked me generally about how to submit a bid and also asked for a copy of the Asset Purchase Agreement in Word form.[2]  I promptly notified Committee counsel of Team King's interest in bidding.

18.     On March 11, 2025, the Commonwealth filed an objection to the proposed sale to Team King and argued that Hiroshi Kaneko as an "insider" and that he and Kyosei Group had entered into an MOU in 2023 to invest $300 million into the

---

[2] Mr. Yanza represented a Japanese bidder in a Guam Chapter 7 case involving a shuttered hotel, *In re Polaris*, 20-00065.  We represented the Chapter 7 Trustee.

4

Debtor's parent company.  See ECF 388-2 (Declaration of Brendan Layde).

19. Since the sale closed on August 20, 2025, I have been informed by counsel for the Commonwealth and by Mr. Yanza that Team King will not be assuming the Casino License.  I have passed this information to the Committee and Joshua Gray.

I declare under penalty of perjury, that the foregoing is true and correct.

Dated: Honolulu, Hawaii, November 18, 2025.

/s/ Chuck C. Choi
Chuck C. Choi