Edward Manibusan (F0131)
Attorney General
J. Robert Glass, Jr. (F0523)
Chief Solicitor
Office of the Attorney General
Hon. Juan A. Sablan Mem. Bldg., 2nd Floor
Saipan, MP 96950-8907
Tel: (670) 237-7500
Fax: (670) 664-2349
Email: robby_glass@cnmioag.org

*Attorney for Creditor, The Commonwealth of the
Northern Mariana Islands & Agencies*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS
BANKRUPTCY DIVISION

| | |
|---|---|
| In re<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC<br><br>**Debtor and<br>Debtor-in-possession** | CASE NO. 24-00002<br>(Chapter 11)<br><br>OPPOSITION TO JOINT CHAPTER 11 PLAN OF LIQUIDATION DATED OCTOBER 31, 2025 BY DEBTOR AND OFFICIAL COMMITTEE OF GENERAL UNSECURED CREDITORS |

Creditor, the Commonwealth of the Northern Mariana Islands and its creditor agencies (the "Commonwealth") by and through its undersigned counsel, Chief Solicitor J. Robert Glass, Jr., hereby submits its Opposition to Joint Chapter 11 Plan of Liquidation Dated October 31, 2025 by Debtor and Committee of General Unsecured Creditors (ECF 489). The Commonwealth files its objection to the plan to the extent that it does not reject the casino license as an executory contract pursuant to section 365 of the Bankruptcy Code.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Debtor filed its Chapter 11 Petition in this action on April 19, 2024. (ECF 1.)

Through various proceedings and hearings, the parties have finally reached the stage of Debtor filing its liquidation plan. Part of the negotiations in approving the sale was that the winning bidder would be provided a nine-month window to negotiate a cure and assume the

license. Team King (CNMI), LLC ("Team King"), the winning bidder, has expressly rejected any assumption, cure, or negotiation of the casino license. *See* Attached Exhibit A. As such, the Court should find the casino license as an executory contract has been rejected and should order it be returned to the lottery commission in compliance with CNMI law.

## II.    LEGAL STANDARDS

11 U.S.C. 365(d)(2) provides:
In a case under chapter 9, 11, 12, or 13, of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of a plan but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

## III.    ARGUMENT

The Casino License is an executory contract between Debtor and the Commonwealth of the Northern Mariana Islands. As part of the sale proceeding and in withdrawing its objections to the sale motion, the parties agreed that the winning bidder, Team King, would be provided nine months to exercise an exclusive option to acquire the casino license. *See* Plan at 30.

On September 15, 2025, Team King sent a letter to the Commonwealth Governor and Lt. Governor regarding their plan for acquiring the casino license. *See* Exhibit A. Specifically, the letter states: "Team King wishes to inform you that it will waive and surrender Team King's option to acquire IPI's exclusive license." *Id*. Pursuant to the letter, the Option will not be exercised and therefore the contract should be rejected as part of the plan.

In response to this letter, The Governor and Lt. Governor sent a letter to the Commonwealth Legislature requesting to amend the casino law, Public Law 18-56, which would provide for a "grandfathered conversion license" to Team King. *See* Exhibit B at 62-64 (bill page 47-49). Such a work around would provide a license for Team King, while insulating Team King from paying the $2 million payment to Debtor as outlined in the sale agreement and without having to cure any past due obligations. Thus, even if the casino contract is rejected, if the proposed law is passed, Team King would be granted a "grandfathered conversion license" which should subject them to the $2 million payment as such a process undermines the

agreements and objections made and resolved by this Court and would be a work around of the Sale Order of this Court.

## IV.    CONCLUSION

For the foregoing reasons, the Court should require the casino license contract to be rejected and provide that if Team King acquires the casino license through a "grandfathered conversion license" it should still be subject to the $2 million agreed payment to the Debtor as outlined in the Sale Order.

Respectfully submitted: December 8, 2025

                      OFFICE OF THE ATTORNEY GENERAL
                      EDWARD MANIBUSAN
                      ATTORNEY GENERAL

                      /s/ J. Robert Glass, Jr.
                      J. ROBERT GLASS, JR. (F0523)
                      Chief Solicitor

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed on December 8, 2025, with service requested to all parties of record.

                      /s/ J. Robert Glass, Jr.
                      J. ROBERT GLASS, JR. (F0523)
                      Chief Solicitor